Konoplyankin v. Barr

BIA
Reid, IJ
A206 471 637

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of September, two thousand nineteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

_____

KIRILL NIKOLAYEVICH KONOPLYANKIN,
> *Petitioner,*

v.                                        16-4146
                                          NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Alexander Almonte, Almonte Law
                         Firm, P.C., Brooklyn, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant
                         Attorney General; Stephen J.
                         Flynn, Assistant Director; James
                         A. Hurley, Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Civil Division, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED in part and DENIED in part.

Petitioner Kirill Nikolayevich Konoplyankin, a native of the former Union of Soviet Socialist Republics and a citizen of Kazakhstan, seeks review of a November 16, 2016, decision of the BIA that affirmed a November 23, 2015, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and denied his motion to remand. *In re Kirill Nikolayevich Konoplyankin,* No. A206 471 637 (B.I.A. Nov. 16, 2016), *aff'g* No. A206 471 637 (Immig. Ct. Batavia Nov. 23, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009); *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir. 2005).

As an initial matter, Konoplyankin does not challenge the agency's pretermission of his asylum application as untimely or the denial of CAT relief on the merits and thus we do not consider those claims. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (noting that petitioner abandons issues not raised in his briefs). However, as discussed below, we grant the petition and remand because the agency erred in its analysis of withholding of removal.

To establish eligibility for withholding of removal, "the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see* 8 U.S.C. § 1231(b)(3)(A); *Matter of C-T-L-*, 25 I. & N. Dec. 341, 348 (B.I.A. 2010). Withholding of removal "may be granted where there is more than one motive for mistreatment, as long as at least one central reason for the mistreatment is on account of a protected ground." *Acharya v. Holder*, 761 F.3d 289, 297 (2d Cir. 2014) (internal quotation marks and citations omitted). In evaluating a past persecution claim, the agency must consider the harm suffered in the aggregate. *Poradisova*

3

*v. Gonzales*, 420 F.3d 70, 79-80 (2d Cir. 2005). "[P]rivate acts may be persecution if the government has proved unwilling to control such actions." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006).

Konoplyankin testified to past persecution and a fear of future persecution in Kazakhstan on account of his Russian ethnicity based on the following incidents. In school Konoplyankin grew up being bullied because he only spoke Russian and not Kazakh. In 2007, after Konoplyankin pushed one of his sister's schoolmates who had just pushed and hurt his sister, four of her schoolmates beat and kicked him, called him a "Russian dog," and told him to leave Kazakhstan. Konoplyankin suffered a concussion, but when he reported the incident to police, they threatened him with jail if he did not withdraw his complaint. The following year, three people attacked him and stole his backpack, but a policeman stopped him from chasing his attackers, put his arm behind his back dislocating his shoulder, pushed him into the police car, and held him in jail for two days. In 2010, two policemen stopped Konoplyankin and a friend, put their arms behind their backs, searched them for contraband, told his friend to shut up, and called his friend a "Russian bitch," before taking them to a

4

police station where they were handcuffed in a room for two hours and then questioned by someone Konoplyankin believed was probably a supervisor who commented on the fact that they did not speak Kazakh, referred to them as parasites, and said they were the main problem in society. The police detained them overnight before letting them go for lack of evidence of the robbery they claimed to have suspected them of committing. Later that same year, two men beat Konoplyankin outside a nightclub because he did not speak Kazakh.

The IJ acknowledged that the country reports show "a great number of conflicts and hostilities between the Russian speakers and the Kazakh speakers in Kazakhstan," but found that Konoplyankin's "incidents . . . to a large degree seem to relate to criminal offenses and the police response to criminal offenses where they were looking to find the perpetrators." The IJ thus concluded that Konoplyankin failed to demonstrate that the incidents he suffered were "more likely than not based upon his Russian ethnicity." The IJ applied an incorrect standard by requiring Konoplyankin to show that the harm he suffered was "more likely than not" on account of a protected ground when he was required to show "only that the harm was motivated, in part, by an actual or

imputed protected ground." *Aliyev v. Mukasey*, 549 F.3d 111, 116 (2d Cir. 2008) (internal quotation marks omitted). Furthermore, rather than consider all of these incidents cumulatively as required, *see Poradisova*, 420 F.3d at 79-80, the IJ declined to address incidents that were "normal, or at least threats or discrimination." The IJ also erroneously speculated that police were involved in legitimate law enforcement efforts when they attacked and detained Konoplyankin even though Konoplyankin's testimony suggests that police claimed to investigate a robbery as a pretext for targeting him. *Cf. Jin Jin Long v. Holder*, 620 F.3d 162, 166 (2d Cir. 2010) ("[P]rosecution that is pretext for political persecution is not on account of law enforcement."). And the IJ failed to address whether police had a mixed motive in targeting Konoplyankin. *See Acharya*, 761 F.3d at 296-97. The BIA did not correct the IJ's errors.

Accordingly, we find that the agency erred in its denial of withholding of removal, and grant Konoplyankin's petition for review to this extent.

We find no error in the BIA's decision declining to remand. Konoplyankin did not move to remand as required by regulation. *See* 8 C.F.R. § 1003.1(d)(3)(iv) ("A party

6

asserting that the Board cannot properly resolve an appeal without further factfinding must file a motion for remand."); *see also Matter of Fedorenko*, 19 I. & N. Dec. 57, 74 (B.I.A. 1984) (recognizing that, as an appellate body, the BIA may decline to review evidence proffered for the first time on appeal). Nor did the BIA abuse its discretion in declining to remand because most of the evidence had either been submitted to the IJ or was previously available at that time and thus did not satisfy the requirement that the movant submit evidence that was not available at the time of his hearing. *See* 8 C.F.R. § 1003.2(c)(1), (4); *Li Yong Cao*, 421 F.3d at 156, 158 (providing that a motion to remand "is held to the substantive requirements of a motion to reopen" and that a movant must "present material, previously unavailable evidence").

For the foregoing reasons, the petition for review is GRANTED in part and remanded to the BIA and DENIED in part.

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court

7